UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUORDALIS SANDERS,

        Plaintiff,

v.                                       Case No. 06-C-1017

HEATHER SCHLOERKE, et al.

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Sanders, a prisoner who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. The court ordered payment of an initial partial filing fee, but the plaintiff moved for reconsideration of that order. He asserts that this court's initial assessment of his ability to pay was incorrect, and he has filed a new six-month statement demonstrating that he lacks the funds to pay even the minuscule initial partial filing fee assessed earlier. 28 U.S.C. § 1915(b)(4). This court's initial assessment was not incorrect, as the calculation is to be made, by statute, based on the plaintiff's six-month trust account statement for the period "immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). In other words, the fee is assessed based on the prisoner's funds as of the date he filed the complaint, and spending activities or other changes in financial status occurring after that date are not to be counted.

In any event, § 1915(b)(4) makes clear that a complaint is not to be dismissed when a prisoner simply has no funds to pay the initial fee. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the initial filing fee in this case. Thus, the initial partial filing fee will be waived, and the motion to proceed in forma pauperis will be granted. This means only that the fees will be collected over time, as set forth below – it does not mean the plaintiff is relieved of the obligation to pay the fee.

Having waived the initial partial filing fee, the court's next order of business is to screen the complaint. 28 U.S.C. § 1915A(a) requires screening of complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

2

or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff's complaint fails to state a claim and must be dismissed. First, he seeks redress for alleged constitutional wrongs arising out of his parole revocation; specifically, he claims the defendants violated state law and the Fourth Amendment when they arrested him and revoked his parole on December 29, 2004. Specifically, his first claim asserts that he was arrested without a complaint being issued by the district attorney or filed with a judge, in violation of Wis. Stat. § 968.02(1) and (2). Those sections read:

3

> (1) Except as otherwise provided in this section, a complaint charging a person with an offense shall be issued only by a district attorney of the county where the crime is alleged to have been committed. A complaint is issued when it is approved for filing by the district attorney. The approval shall be in the form of a written endorsement on the complaint.
>
> (2) After a complaint has been issued, it shall be filed with a judge and either a warrant or summons shall be issued or the complaint shall be dismissed, pursuant to s. 968.03. Such filing commences the action.

Wis. Stat. § 968.02.

These sections, however, govern the initiation of new criminal proceedings against an individual and are not applicable to the revocation of parole for an individual already convicted of a crime. The state's conclusion that an individual has violated conditions of parole is much different than its determination that criminal charges are warranted. This is reflected in the regulations governing parole revocation, which set forth the proceedings the state must undertake. *See* Wis. Admin. Code § HA 2.05(3). It is clear that proceedings need not begin with a formal complaint or filing a complaint with a judge; they may instead be initiated by the department of corrections itself. *See* Wis. Stat. § 304.06(d)(3). Accordingly, the fact that the state failed to follow Wis. Stat. § 968.02 does not present any basis to conclude that the defendants violated the plaintiff's constitutional rights, and any constitutional claim purportedly based on § 968.02 must therefore be dismissed.

Plaintiff's second claim is that he was not allowed to attend a parole hearing conducted on May 26, 2006. (According to the complaint, he been revoked after a hearing in February 2005, and apparently was being considered for parole in 2006.) Since he was absent from the parole hearing, he asserts, he was unable to present evidence or contribute to the commissioner's decision whether to grant or deny parole. He claims that this violates state statutes and the Constitution.

4

It is unclear, first, which state statute grants a right to be present at a parole hearing. The statute cited by plaintiff – Wis. Stat. § 304.05 – has been repealed and does not apply. And, as Wisconsin's courts have noted, "there is no regulation that entitles [the inmate] to be present at the parole hearing." *State ex rel. Mallory v. Wisconsin Parole Com'n,* 276 Wis.2d 864, 688 N.W.2d 783, 2004 WL 1946149, *2 (Wis. Ct. App. 2004). Because Wisconsin's parole system is discretionary, there is no protected liberty interest in having certain procedures followed at a parole hearing. *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997) ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.") Accordingly, I conclude that the plaintiff has failed to allege a constitutional violation arising out of his inability to appear at his parole hearing. Because plaintiff has failed to set forth any cognizable constitutional or federal claims, the case will be dismissed.

THEREFORE, IT IS ORDERED that plaintiff's request to proceed in forma pauperis is GRANTED, and the initial partial filing fee is WAIVED. The motion for reconsideration is GRANTED and the October 5 order directing payment of an initial partial filing fee is hereby VACATED.

IT IS ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in

5

Case 1:06-cv-01017-WCG   Filed 11/06/06   Page 5 of 6   Document 5

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

IT IS ORDERED that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

IT IS ORDERED that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the clerk of court enter judgment accordingly.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this __3rd__ day of November, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge